CARSON *et al.*, Respondents, v. STEAMBOAT ELEPHANT, Appellant.

1. Where a steamboat has been seized under the act concerning boats and vessels, (R. C. 1845, p. 180,) and, upon the execution of a bond under the ninth section of said act with approved security, is discharged from further detention, the boat is entirely discharged from the lien ; after such discharge of the boat, and after proceedings have been commenced in another court to enforce liens against the boat, the lien can not be revived by obtaining an order for further security, and to retake the boat until further security be given, and by the court's rescinding its approval of the bond ; the demand would not in such case become entitled to be allowed and classed as a lien against the boat in such other proceedings.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.
*Hart & Jecko,* for appellant.
*J. H. Rankin,* for respondents.

RYLAND, Judge, delivered the opinion of the court.

The plaintiffs filed their petition in the Circuit Court of St. Louis county in May, 1855, against the steamer Elephant, for stores and provisions furnished by them to said boat, and for which they had a lien on said boat under the act of 1845, concerning boats and vessels. The boat was seized by the sheriff, and on the same day the master executed his bond to the plaintiffs with security, which was approved by the judge of the Circuit Court, and the boat was discharged from any further detention. The filing of the petition, issuing the writ, seizing the boat, and executing the bond to the plaintiffs, were all done on the 14th of May, 1855. The boat was discharged on the same day. The boat was afterwards seized by virtue of process from the Court of Common Pleas at the suits of divers creditors, upon claims that were liens against the boat. No bond being executed on the part of the boat within the time prescribed, an order was made directing the sale of the boat. After the boat had been seized on the process from the Court of Common Pleas, the plaintiffs caused notice to be served on the master of the boat, that they would move the Circuit Court on the 13th day of June, 1855, to compel the boat to give additional bond and security. On the 13th day of June, 1855, the court made an order requiring additional bond with security to be given within two days from the date, and ordered the sheriff to retake said boat, and hold the possession until said bond be given. On the 30th June, 1855, the Circuit Court, on motion of the plaintiffs, rescinded the approval of the bond, filed on the 14th May previously, upon which the boat had been released. After the sale of the boat, the plaintiffs presented their claim,

with a copy of the proceedings thereon before the Circuit Court, to the Court of Common Pleas, to be allowed and classed among the liens against the proceeds of said boat. After hearing the evidence on the same, the defendant moved the court to instruct as follows: " If suit was commenced in the Circuit Court May 14th, 1855, on the claim presented for allowance here, and on the 14th May, 1855, the steamboat Elephant was discharged from detention under the bond. filed in that court and offered in evidence here, and if the said boat was subsequently sued on the 11th and 12th of June, 1855, in the Court of Common Pleas, and seized under warrants issued thereon, and, no bond being given, was ordered to be sold by this court on the 18th June last, and was advertised for sale on the 20th of said June, and sold under said order, and pursuant to said advertisement, on the 14th July, then the plaintiffs are not entitled to have the demand allowed in this proceeding, notwithstanding the order of the Circuit Court made on the 13th of June for further security, and to retake the boat until further security be given, and notwithstanding the additional order of said Circuit Court on the 30th June, rescinding its approval of said bond;" which the court refused to do. The defendant excepted. The Court of Common Pleas allowed the plaintiffs' demand and placed it in the second class of liens. The defendant brings the case here by appeal.

Whenever, under the act concerning boats and vessels, a boat has been seized, and the master executes to the plaintiff a bond with security, and the boat is discharged from further detention, she is also discharged from the lien of the plaintiff's demand. The words of the act are plain, and their meaning manifest. Upon the giving of the bond, " the boat or vessel, with its tackle, apparel and furniture, shall be discharged from further detention by the officer having custody thereof, *and shall be discharged from the lien of the plaintiff's demand.*" Upon the bond being given, the boat and lien are both discharged; the plaintiff must then look to the bond; his claim is no longer a lien on the boat; it is secured, in the eye of the

law, by the bond. Now the action of the Circuit Court upon this bond could not revive a lien which had at one time been extinguished by the bond. No matter in what light this bond may be considered by the court, as between the plaintiffs and the defendant, the requiring an additional bond, the order to re-take and keep possession of the tract, and the order rescinding the approval of the bond, can not have the effect of reviving the plaintiffs' lien in this case against the rights of other creditors. Whenever the bond is given, the lien is gone; and this does not depend upon the real sufficiency of the obligors to meet the penalty; it is presumed, with full and adequate authority to test the sufficiency of the bond in the court which is to approve it, that a good bond will generally be offered. The plaintiff can examine the security and principal, and the court must be satisfied. At all events, when the bond is approved, there ends the lien. In the ever-varying affairs of men, an obligor may be to-day entirely able to meet his obligations, and twenty days afterwards totally unable. Shall the discharge of a boat and a lien depend upon such contingencies?

Had the Circuit Court done nothing further than the approval of the bond, the plaintiffs would never have supposed that they could pursue the proceeds of the boat in the hands of the officers of the law. They would have looked to their bond, and to that alone. Now, in our opinion, all the rulings in the Circuit Court in regard to the bond could not revive the lien of the plaintiffs; it was extinct. The Court of Common Pleas should have declared the law as asked for in the defendant's instruction. It was error to allow the plaintiffs' demand as a lien in the second class, or in any class. It was no longer a lien against the boat. The judgment is therefore reversed; the other judges concurring.